YUEN REN LIN, a.k.a. Yong Rong Lin, Petitioner,

v.

Eric H. HOLDER, Jr., Attorney General, Respondent.

No. 06–74922.

United States Court of Appeals, Ninth Circuit.

Submitted April 13, 2009.*

Filed April 29, 2009.

Fengling Liu, New York, NY, for Petitioner.

District Director, Office of the District Counsel Department of Homeland Security, San Diego, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Ernesto H. Molina, Jr., Esq., Margaret K. Taylor, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: GRABER, GOULD, and BEA, Circuit Judges.

## MEMORANDUM **

Yuen Ren Lin, a.k.a. Yong Rong Lin, a native and citizen of China, petitions for review of the Board of Immigration Appeals' ("BIA") order denying his third motion to reopen deportation proceedings. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen or recon-

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

sider, *Cano–Merida v. INS*, 311 F.3d 960, 964 (9th Cir.2002), and we deny in part, and dismiss in part the petition for review.

The BIA properly construed Lin's third motion to reopen as a motion to reconsider, and did not abuse its discretion in denying the motion to reconsider because the motion failed to identify any error of law or fact that would justify granting relief. *See* 8 C.F.R. § 1003.2(b)(1); *see also Iturribarria v. INS*, 321 F.3d 889, 895–96 (9th Cir.2003).

█ Lin contends that his removal proceedings should be reopened on the basis of changed circumstances because he has married a U.S. citizen and seeks to apply for adjustment of status. However, we lack jurisdiction to review this contention because he failed to raise this issue before the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir.2004).

█ This court also lacks jurisdiction to review Lin's challenge to the BIA's denial of his second motion to reopen because the petition for review is not timely as to that order. *See Andia v. Ashcroft*, 359 F.3d 1181, 1183 n. 3 (9th Cir.2004) (per curiam).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.